**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Delfina Coesa SIFUENTES IBARRA,**
**a.k.a. Delfina Coesa Sifuentes–Ibarra;**
**a.k.a. Delfina Coesa Sifuentes, Defendant—Appellant.**

**No. 05–50131.**
**D.C. No. CR–04–02017–LAB.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 9, 2006.*

Decided March 16, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Orlando Gutierrez, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

Debra Ann Diiorio, Diiorio & Hall, San Diego, CA, for Defendant—Appellant.

Before MCKEOWN and BERZON, Circuit Judges, and KING,** Senior Judge.

## MEMORANDUM ***

■ Upon de novo review of the record, we agree with the district court that Delfina Sifuentes Ibarra failed, as a matter of law, to make an offer of proof sufficient to meet the four requisite elements of a necessity defense. In *United States v. Arellano–Rivera*, 244 F.3d 1119 (9th Cir.2001), we outlined the procedure and requirements in establishing a necessity defense:

The defense of necessity is available when a person commits a particular offense to prevent an imminent harm which no available options could similarly prevent. We have stated that before a defendant may present evidence of a necessity defense, his offer of proof must establish that a reasonable jury could conclude: (1) that he was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relation between his conduct and the harm to be avoided; and (4) that there were no other legal alternatives to violating the law. If the defendant's offer of proof is deficient with regard to any of the four elements, the district judge must grant the motion to preclude evidence of necessity.

*Id.* at 1125–26 (quotation marks and citations omitted).

Sifuentes Ibarra, a citizen of Guatemala, alleges that she entered the United States from Mexico in September of 2003, for the purpose of rushing her daughter, a United States citizen, to the hospital to treat her daughter's serious condition. Her daughter was hospitalized for fourteen days, yet Sifuentes Ibarra was found in the United States nearly nine months later, on June 1, 2004.

Sifuentes Ibarra has not offered any explanation sufficient to establish that almost nine months after her daughter's medical emergency that she still faced a choice of evils and chose the lesser evil or that there were no other legal alternatives to violating the law. For example, if her daughter needed a caretaker nine months after she was brought to the United States, there were legal alternatives available, such as the daughter's father, who legally resides in the United States, or temporary care by a third party or a court appointed custodian. Also, her failure to petition the Attorney General "for temporary admission into the United States on the basis of [the] dire medical condition" precludes a necessity defense. *Id.* at 1126. Sifuentes Ibarra made no such petition to the Attorney General.

---

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Her challenge to the district court's upward adjustment under the United States Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2003) due to her prior felony conviction for alien smuggling under 8 U.S.C. § 1324(a)(2) also fails. In *United States v. Rodriguez–Lara*, 421 F.3d 932, 949–50 (9th Cir.2005), we recently reaffirmed the rule that in the sentencing context, the fact of a prior conviction need not be alleged in the indictment nor proved to a jury beyond a reasonable doubt. Sifuentes Ibarra's sixty-four month sentence was consistent with the sentencing guidelines, which the district court recognized as advisory, and was within the statutory maximum of both 8 U.S.C. § 1326(b)(1) (ten year statutory maximum) and § 1326(b)(2) (twenty year statutory maximum).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.